DRIGGS *v.* ROCKWELL, 11 Wend. 504.
Not reported in S. Ct.

### Set-Off ; Pleading.

THIS was an action against the plaintiff in error, as the maker of a promissory note, negotiable, which had been assigned after its maturity. The defendant below, on the trial of the cause, offered to show a set-off to the amount of the plaintiff's demand on the note, of a demand due to the defendant, *from the assignor*, existing at the time of the transfer. The evidence being rejected, a verdict was taken on the *second* count, the plaintiff having abandoned the first count which was covered by a special plea; and assessed only contingent damages.

The Supreme Court confirmed the verdict ; and held that such a set-off could not be made as the law stood before the revised statutes. On writ of error,

The Court of Errors held, that a set-off to the amount of the plaintiff's debt might be made of a demand existing

*against the assignor, provided* it be such as might have been set off against him, while he owned the note; or if the suit be in the name of a plaintiff who has no *real interest* in the note, so much of a demand existing against the real plaintiff, or for *whose benefit the suit is brought,* may be set off as will satisfy the plaintiff's debt; and such right of set off existed as well *before* the revision of 1830, *as since.*

2. Where a declaration contains two counts for the same cause of action, and the defendant pleads the general issue to both counts, and a special plea in bar to the first count, and the plaintiff on the trial proves only one cause of action, which is covered by the first count and the special plea in bar, he cannot abandon the first count and resort to the second, which is not covered by the special plea, so as to avoid the effect of that plea ; but to avail himself of this rule, the defendant must take the objection at the trial, and will not be allowed to rely upon it on a writ of error, unless presented by a bill of exceptions.

The plaintiff had demurred to the special plea, and there was a joinder in demurrer; but the plaintiff proceeded to trial on a general *venire,* and not a *venire tam quam, &c.,* and therefore, though a new point of form and amendable, contingent damages could not be assessed.

Judgment <em>reversed ; 17 to 3.</em>